**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMERICAN REGENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RK PHARMA, INC., VGYAAN PHARMACEUTICALS LLC, APICORE US LLC, and ARCHIS PHARMA LLC,<br><br>Defendants. | Civil Action No. ____________________ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff American Regent, Inc. ("ARI"), by its undersigned attorneys, for its Complaint against Defendants RK Pharma, Inc., VGYAAN Pharmaceuticals LLC ("VGYAAN"), Apicore US LLC ("Apicore"), and Archis Pharma LLC ("Archis") (collectively, "the RK Pharma Group"), alleges as follows:

## NATURE OF THIS ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 *et. seq.*, arising from the RK Pharma Group's submission to the United States Food and Drug Administration ("FDA") of Abbreviated New Drug Application No. 218537 ("the ANDA") which contained a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("Paragraph IV Certification") seeking approval to engage in the commercial manufacture, use, or sale of generic versions of ARI's Tralement® (trace elements injection 4*, USP) in 1 mL single-dose vials and 5 mL Pharmacy Bulk Package vials and Multrys® (trace elements injection 4*, USP) drug products ("the ANDA Products") prior to the expiration of United States Patent No. 11,786,548 ("the '548 patent" or "the patent-in-suit").

## THE PARTIES

2. ARI is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 5 Ramsey Road, Shirley, New York 11967.

3. On information and belief, Defendant RK Pharma, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principle place of business at 401 N. Middletown Road, Building 215/215A, Pearl River, New York 10965.

4. On information and belief, Defendant VGYAAN is an entity organized and existing under the laws of the State of New Jersey, with a principal place of business at 23 Orchard Road, Suite 180, Skillman, New Jersey 08558.

5. On information and belief, Apicore is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 49 Napoleon Court, Somerset, New Jersey 08873.

6. On information and belief, Defendant Archis is an entity organized and existing under the laws of the State of Delaware, with a principal place of business at 15 Corporate Pl S, Piscataway, New Jersey 08854.

7. On information and belief, RK Pharma, Inc., VGYAAN, Apicore, and Archis, acted in concert to prepare and submit the ANDA with a Paragraph IV Certification to FDA.

## JURISDICTION AND VENUE

8. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et. seq.*, and jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9. This Court has personal jurisdiction over RK Pharma, Inc. because, on information and belief, RK Pharma, Inc. is a corporation organized and existing under the laws of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process

in Delaware. Therefore, RK Pharma, Inc. has purposefully availed itself to the privileges of conducting business in Delaware and consented to general jurisdiction in Delaware. This Court has personal jurisdiction over RK Pharma, Inc. because RK Pharma, Inc. derives substantial revenue from selling generic pharmaceutical products and/or active pharmaceutical ingredient(s) used in generic pharmaceutical products sold throughout the United States, including in this Judicial District.

10. This Court has personal jurisdiction over RK Pharma, Inc. because, *inter alia*, RK Pharma, Inc. either directly or through its subsidiaries, agents, and/or affiliates, has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being hauled into court here. On information and belief, RK Pharma, Inc. either directly or through its subsidiaries, agents, and/or affiliates, develops, manufactures, imports, markets, offers to sell, sells, and/or distributes a broad range of generic pharmaceutical products throughout the United States, including in Delaware, and therefore transacts business within Delaware relating to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within Delaware.

11. Upon information and belief, RK Pharma, Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs, either directly or through various operating subsidiaries, agents, and/or affiliates throughout the United States, including in Delaware.

12. In addition, this Court has personal jurisdiction over RK Pharma, Inc. because, among other things, on information and belief: (1) RK Pharma, Inc., with assistance from VGYAAN Pharmaceuticals LLC and Archis Pharma LLC, developed the ANDA Products that are the subject of the ANDA and filed the ANDA for the purpose of seeking approval to engage in,

either directly or through subsidiaries, agents, affiliates, and/or alter egos, the commercial manufacture, use, sale or offer for sale of the ANDA Products in the United States, including in Delaware; (2) upon approval of the ANDA, RK Pharma, Inc. intends to, either directly or through subsidiaries, agents, affiliates, and/or alter egos, market, distribute, offer for sale, sell, and/or import the ANDA Products in the United States, including in Delaware, and will derive substantial revenue from the use or consumption of the ANDA Products in Delaware; and (3) also upon approval of the ANDA, the ANDA Products will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in Delaware; prescribed by physicians practicing in Delaware; dispensed by pharmacies located within Delaware; and/or used by patients in Delaware, all of which would have substantial effects on Delaware. By filing the ANDA, RK Pharma, Inc. has made clear that it intends to use its distribution channel to direct sales of the ANDA Products into Delaware.

13. This Court has personal jurisdiction over VGYAAN because VGYAAN derives substantial revenue from selling generic pharmaceutical products and/or active pharmaceutical ingredient(s) used in generic pharmaceutical products sold throughout the United States, including in this Judicial District.

14. This Court has personal jurisdiction over VGYAAN because, *inter alia*, VGYAAN either directly or through its subsidiaries, agents, and/or affiliates, has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being hauled into court here. On information and belief, VGYAAN either directly or through its subsidiaries, agents, and/or affiliates, develops, manufactures, imports, markets, offers to sell, sells, and/or distributes a broad range of generic pharmaceutical products throughout the United States, including in Delaware, and therefore transacts business within Delaware relating to

Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within Delaware.

15. Upon information and belief, VGYAAN is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs, either directly or through various operating subsidiaries, agents, and/or affiliates throughout the United States, including in Delaware.

16. In addition, this Court has personal jurisdiction over VGYAAN because, among other things, on information and belief: (1) VGYAAN assisted in development of the ANDA Products that are the subject of the ANDA and assisted in filing the ANDA for the purpose of seeking approval to engage in, either directly or through subsidiaries, agents, affiliates, and/or alter egos, the commercial manufacture, use, sale or offer for sale of the ANDA Products in the United States, including in Delaware; (2) upon approval of the ANDA, VGYAAN intends to, either directly or through subsidiaries, agents, affiliates, and/or alter egos, market, distribute, offer for sale, sell, and/or import the ANDA Products in the United States, including in Delaware, and will derive substantial revenue from the use or consumption of the ANDA Products in Delaware; and (3) also upon approval of the ANDA, the ANDA Products will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in Delaware; prescribed by physicians practicing in Delaware; dispensed by pharmacies located within Delaware; and/or used by patients in Delaware, all of which would have substantial effects on Delaware.

17. This Court has personal jurisdiction over Apicore because, on information and belief, Apicore is a limited liability company organized and existing under the laws of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. Therefore, Apicore has purposefully availed itself to the privileges of conducting

business in Delaware and consented to general jurisdiction in Delaware. This Court has personal jurisdiction over Apicore because Apicore derives substantial revenue from selling generic pharmaceutical products and/or active pharmaceutical ingredient(s) used in generic pharmaceutical products sold throughout the United States, including in this Judicial District.

18. This Court has personal jurisdiction over Apicore because, *inter alia*, Apicore either directly or through its subsidiaries, agents, and/or affiliates, has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being hauled into court here. On information and belief, Apicore either directly or through its subsidiaries, agents, and/or affiliates, develops, manufactures, imports, markets, offers to sell, sells, and/or distributes a broad range of generic pharmaceutical products throughout the United States, including in Delaware, and therefore transacts business within Delaware relating to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within Delaware.

19. Upon information and belief, Apicore is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs, either directly or through various operating subsidiaries, agents, and/or affiliates throughout the United States, including in Delaware.

20. In addition, this Court has personal jurisdiction over Apicore because, among other things, on information and belief: (1) Apicore assisted in development of the ANDA Products that are the subject of the ANDA and assisted in filing the ANDA for the purpose of seeking approval to engage in, either directly or through subsidiaries, agents, affiliates, and/or alter egos, the commercial manufacture, use, sale or offer for sale of the ANDA Products in the United States, including in Delaware; (2) upon approval of the ANDA, Apicore intends to, either directly or through subsidiaries, agents, affiliates, and/or alter egos, market, distribute, offer for sale, sell,

and/or import the ANDA Products in the United States, including in Delaware, and will derive substantial revenue from the use or consumption of the ANDA Products in Delaware; and (3) also upon approval of the ANDA, the ANDA Products will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in Delaware; prescribed by physicians practicing in Delaware; dispensed by pharmacies located within Delaware; and/or used by patients in Delaware, all of which would have substantial effects on Delaware.

21. This Court has personal jurisdiction over Archis because, on information and belief, Archis is a limited liability company organized and existing under the laws of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. Therefore, Archis has purposefully availed itself to the privileges of conducting business in Delaware and consented to general jurisdiction in Delaware. This Court has personal jurisdiction over Archis because Archis derives substantial revenue from selling generic pharmaceutical products and/or active pharmaceutical ingredient(s) used in generic pharmaceutical products sold throughout the United States, including in this Judicial District.

22. This Court has personal jurisdiction over Archis because, *inter alia*, Archis either directly or through its subsidiaries, agents, and/or affiliates, has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being hauled into court here. On information and belief, Archis either directly or through its subsidiaries, agents, and/or affiliates, develops, manufactures, imports, markets, offers to sell, sells, and/or distributes a broad range of generic pharmaceutical products throughout the United States, including in Delaware, and therefore transacts business within Delaware relating to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within Delaware.

23. Upon information and belief, Archis is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs, either directly or through various operating subsidiaries, agents, and/or affiliates throughout the United States, including in Delaware.

24. In addition, this Court has personal jurisdiction over Archis because, among other things, on information and belief: (1) Archis assisted in development of the ANDA Products that are the subject of the ANDA and assisted in filing the ANDA for the purpose of seeking approval to engage in, either directly or through subsidiaries, agents, affiliates, and/or alter egos, the commercial manufacture, use, sale or offer for sale of the ANDA Products in the United States, including in Delaware; (2) upon approval of the ANDA, Archis intends to, either directly or through subsidiaries, agents, affiliates, and/or alter egos, market, distribute, offer for sale, sell, and/or import the ANDA Products in the United States, including in Delaware, and will derive substantial revenue from the use or consumption of the ANDA Products in Delaware; and (3) also upon approval of the ANDA, the ANDA Products will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in Delaware; prescribed by physicians practicing in Delaware; dispensed by pharmacies located within Delaware; and/or used by patients in Delaware, all of which would have substantial effects on Delaware.

25. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and 1391(c), and § 1400(b).

26. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b), at least because, on information and belief, RK Pharma, Inc., Apicore, and Archis are organized under the laws of the State of Delaware.

27. On information and belief, RK Pharma, Inc., VGYAAN, Apicore, and Archis are affiliates that operate within the same corporate family, and are bound by an agency or alter ego relationship.

28. On information and belief, RK Pharma, Inc., VGYAAN, Apicore, and Archis act, operate, and/or hold themselves out to the public as a "vertically integrated" business such that VGYAAN has an established and regular place of business in the State of Delaware at least through activities performed in conjunction with RK Pharma, Inc., Apicore, and Archis.

29. On information and belief, RK Pharma, Inc., itself and/or through VGYAAN, Apicore, and Archis, is in the business of developing, manufacturing, importing, marketing, and/or selling generic pharmaceutical products throughout the United States, including in this Judicial District.

30. On information and belief, and as confirmed by RK Pharma Inc.'s website, "RK Pharma Inc[.] is a group of companies engaged in all phases of the generic pharmaceutical business" consisting of the "vertically integrated" defendants:



[1]

31. On information and belief, VGYAAN is the entity within the RK Pharma Group responsible for "development, filing with the regulatory agencies and commercialization" of "generics and 505(b)(2) drugs."[2]

32. On information and belief, RK Pharma, Inc., VGYAAN, Apicore, and Archis, acting in concert and/or as agents of one another, filed the ANDA with a Paragraph IV Certification for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the generic products described in the ANDA in the United States, including in Delaware.

33. On information and belief, if the RK Pharma Group receives approval for the ANDA, RK Pharma, Inc., VGYAAN, Apicore, and Archis, acting in concert and/or as agents of one another, will market, distribute, offer for sale, and/or sell the generic products described in the

[1] About Us. https://rkpharmainc.com/about-us.html

[2] http://vgyaan.com/products/

ANDA in the United States, including in Delaware, and will derive substantial revenue from the use or consumption of the generic products described in the ANDA in the State of Delaware. *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 763 (Fed. Cir. 2016).

34. On information and belief, if the ANDA with a Paragraph IV Certification is approved, the generic products described in the ANDA would, among other things, be manufactured, marketed, distributed, offered for sale, and/or sold in Delaware, prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

35. On information and belief, and as confirmed by RK Pharma Inc.'s website, RK Pharma, Inc., VGYAAN, Apicore, and Archis operate through "vertical integration"[3] wherein VGYAAN works to "develop[e] and commercializ[e] clinically critical therapies,"[4] Apicore "is a leading process R&D and API manufacturing service provider,"[5] and "Archis [], the sales and marketing arm, commercializes both the RK Pharma group's and in-licensed partner products." [6]

36. On information and belief, VGYAAN, Apicore, and Archis are wholly-owned subsidiaries of and operate under common management by RK Pharma, Inc.[7]

37. On information and belief, following any FDA approval of the ANDA with a Paragraph IV Certification, RK Pharma, Inc., VGYAAN, Apicore, and Archis will work in concert with one another to make, use, offer to sell, and/or sell the ANDA Products throughout the United

---

[3] *Id.*

[4] About Us, http://vgyaan.com/about/

[5] About Us, https://rkpharmainc.com/about-us.html

[6] *Id.*

[7] *Id.*

States, and/or import such generic drug products into the United States, including in this judicial district.

38. On information and belief, the RK Pharma Group derives substantial revenue from the marketing, manufacture, and/or sale of generic pharmaceutical products in the United States and Delaware.

## BACKGROUND

39. ARI holds New Drug Application ("NDA") No. 209376 for Tralement® (trace elements injection 4*, USP) and Multrys® (trace elements injection 4*, USP), which were approved by FDA on July 2, 2020 and which ARI manufactures and sells in this judicial district and throughout the United States.

40. Tralement® is the first and only FDA-approved multi-trace element injection for patients weighing at least 10 kg. FDA has approved both 1 mL and 5 mL forms of Tralement®; ARI markets a 1 mL Tralement® product.

41. Tralement® is a combination of trace elements (zinc sulfate, cupric sulfate, manganese sulfate and selenious acid) indicated in adult and pediatric patients weighing at least 10 kg as a source of zinc, copper, manganese, and selenium for parenteral nutrition when oral or enteral nutrition is not possible, insufficient, or contraindicated.

42. Multrys® is the first and only FDA-approved multi-trace element injection for neonatal and pediatric patients weighing less than 10 kg.

43. Multrys® is a combination of trace elements (zinc sulfate, cupric sulfate, manganese sulfate, and selenious acid) indicated in neonatal and pediatric patients weighing less than 10 kg as a source of zinc, copper, manganese, and selenium for parenteral nutrition when oral or enteral nutrition is not possible, insufficient, or contraindicated.

44. Both Tralement® and Multrys® are commercial embodiments of the '548 patent.

45. ARI is the owner of the ’548 patent, which is entitled “Trace element compositions, methods of making and use” was duly and legally issued on October 17, 2023. A copy of the ’548 patent is attached as Exhibit 1.

46. The ’548 patent has been listed in connection with Tralement® and Multrys® in FDA’s publication Approved Drug Products with Therapeutic Equivalence Evaluations (the “Orange Book”).

47. As indicated in the Orange Book, the patent expiration date for the ’548 patent is July 1, 2041.

48. On information and belief, RK Pharma, Inc., VGYAAN, Apicore, and Archis were all responsible for preparing and submitting the ANDA with a Paragraph IV Certification.

49. By letter dated January 23, 2024 (“the Notice Letter”), RK Pharma, Inc. notified ARI pursuant to the Federal Food, Drug, and Cosmetic Act (“FDCA”) that RK Pharma, Inc. had submitted the ANDA with a Paragraph IV Certification to FDA to seek approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Products prior to the expiration of the ’548 patent.

50. On information and belief, RK Pharma, Inc., VGYAAN, Apicore, and Archis submitted the ANDA to FDA with RK Pharma, Inc. as the named applicant, which contained a Paragraph IV Certification asserting that the ’548 patent will not be infringed by the manufacture, use, offer for sale, sale, or importation of the ANDA Products, or alternatively, that the ’548 patent is invalid.

51. The Notice Letter asserted defenses of non-infringement for certain, but not all, claims of the ’548 patent. The Notice Letter did not set forth positions of non-infringement for Claims 1-2, 4-6, 9-19, 21-43, and 46-56.

52. The Notice Letter contained an offer of confidential access ("OCA") to the ANDA; however, the proposed OCA contained unreasonable restrictions and the RK Pharma Group refused to negotiate any terms of the OCA with ARI. Consequently, ARI was unable to access the ANDA to assess any claims of non-infringement for the '548 patent prior to the filing of this Complaint.

53. On information and belief, the ANDA Products are generic versions of Tralement® (trace elements injection 4*, USP) and Multrys® (trace elements injection 4*, USP), as their reference listed drugs, containing the same or equivalent ingredients in the same or equivalent amounts.

54. In the Notice Letter, the RK Pharma Group disclosed that the ANDA Products are (1) a single-dose, 1 mL generic version of Tralement® containing 3 mg of zinc, 0.3 mg of copper, 55 mcg of manganese, and 60 mcg of selenium; (2) a 5 mL Pharmacy Bulk Package generic version of Tralement® containing 3 mg of zinc, 0.3 mg of copper, 55 mcg of manganese, and 60 mcg of selenium; and (3) a generic version of Multrys® containing 1000 mcg of zinc, 60 mcg of copper, 3 mcg of manganese, and 6 mcg of selenium.

55. On information and belief, the ANDA Products contain zinc, copper, manganese, and selenium in the same or equivalent amounts as Tralement® and Multrys®, respectively.

56. On information and belief, the ANDA Products will feature the same or equivalent chemical properties as Tralement® and Multrys®.

**COUNT I: INFRINGEMENT OF THE '548 PATENT**

57. ARI realleges paragraphs 1-56 as if fully set forth herein.

58. The RK Pharma Group's submission of the ANDA with a Paragraph IV Certification to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Products in or into the United States, prior to the expiration of

the ’548 patent, constitutes direct and indirect infringement of the ’548 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

59. On information and belief, the ANDA Products, if approved by FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by the RK Pharma Group or on its behalf, and will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the ’548 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents. On information and belief, the administration of the ANDA Products will occur with the RK Pharma Group’s specific intent and encouragement, and will be conduct that the RK Pharma Group knows or should know will occur. On information and belief, the RK Pharma Group will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of ARI’s rights under the ’548 patent.

60. On information and belief, the RK Pharma Group’s manufacturing, use, offer for sale, sale, and/or importation of the ANDA Products, once the ANDA with a Paragraph IV Certification is approved by FDA, would constitute direct infringement under 35 U.S.C. § 271(a), induced infringement under 35 U.S.C. § 271(b), and contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the ’548 patent, either literally or under the doctrine of equivalents. On information and belief, the RK Pharma Group intends that the ANDA Products be used by patients and medical professionals. Also, on information and belief, the RK Pharma Group knows that the ANDA Products are especially made or adapted for use in infringing the ’548 patent, and that the ANDA Products are not suitable for substantial non-infringing use.

61. ARI will be irreparably harmed if the RK Pharma Group is permitted to make, use, sell, offer to sell, and/or import the ANDA Products in or into the United States, and is not enjoined from doing so. ARI is entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of the ANDA be a date that is not earlier than the expiration date of the '548 patent, or any later expiration of exclusivity for the '548 patent to which ARI is or becomes entitled, and an injunction against such infringement. ARI does not have an adequate remedy at law.

62. The RK Pharma Group has had knowledge of the '548 patent since at least the date the RK Pharma Group submitted the ANDA with a Paragraph IV Certification and was aware that submission of the ANDA with a Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2).

63. This case is "exceptional," and ARI is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, ARI prays that this Court grant the following relief:

(a) A judgment under 35 U.S.C. § 271(e)(2)(A) that the RK Pharma Group has infringed at least one claim of the '548 patent through the RK Pharma Group's submission of the ANDA with a Paragraph IV Certification to FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States the ANDA Products before the expiration of the '548 patent;

(b) A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that the RK Pharma Group's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of the ANDA Products before the expiration of the '548 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '548 patent;

(c) An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the ANDA, shall not be earlier than the latest expiration date of the ’548 patent, including any extensions and/or additional periods of exclusivity to which ARI is or becomes entitled;

(d) The entry of a permanent and/or preliminary injunction enjoining the RK Pharma Group, and its affiliates and subsidiaries, and each of their officers, agents, servants, and employees, from making, having made, using, offering to sell, selling, marketing, distributing, and importing in or into the United States the ANDA Products, or any product that infringes the ’548 patent, or inducing or contributing to the infringement of the ’548 patent until after the expiration date of the ’548 patent, including any extension and/or additional periods of exclusivity to which ARI is or becomes entitled, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

(e) The entry of a permanent and/or preliminary injunction enjoining the RK Pharma Group, and its affiliates and subsidiaries, and each of their officers, agents, servants, and employees, from seeking, obtaining, or maintaining approval of the ANDA until the expiration of the ’548 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

(f) Damages or other monetary relief to ARI if the RK Pharma Group engages in commercial manufacture, use, offers to sell, sale, and/or importation in or into the United States of the ANDA Products prior to the expiration of the ’548 patent, including any extensions and/or additional periods of exclusivity to which ARI is or becomes entitled;

(g) A finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding ARI its attorney’s fees incurred in this action; and

(h) Such further relief as this Court deems proper and just.

Dated: February 29, 2024

GIBBONS P.C.

By: */s/ Christopher Viceconte*

Christopher Viceconte (No. 5568)
300 Delaware Avenue, Suite 1015
Wilmington, Delaware 198010
Tel: (302) 518-6322
Fax: (302) 397-2050
cviceconte@gibbonslaw.com

OF COUNSEL:

Dennies Varughese, Pharm. D.
Uma Everett
Adam LaRock
Alex Alfano
Ryan Conkin
Sterne, Kessler, Goldstein & Fox P.L.L.C.
1100 New York Avenue NW, Suite 600
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
ueverett@sternekessler.com
alarock@sternekessler.com
aalfano@sternekessler.com
rconkin@sternekessler.com

*Attorneys for Plaintiff*
*American Regent, Inc.*